*In re* SHIRLEY, Bankrupt.

*(District Court, W. D. Pennsylvania. 1882.)*

1. SEIZURE ON EXECUTION BEFORE THE FILING OF A PETITION IN BANKRUPTCY —PROVING UP UNPAID BALANCE—REV. ST. § 5075.

Where a judgment creditor issued an execution, and by virtue thereof the sheriff made a seizure of goods before defendant's petition in bankruptcy was filed and sold them after his adjudication, *held*, that such creditor, after applying the proceeds to his judgment, might prove any unpaid balance thereof; the case not falling within the purview of the prohibitory clause of section 5075 of the Revised Statutes.

In Bankruptcy. *Sur* register's report disallowing proof of the claim of the Eaton, Cole & Burnham Company.

*G. S. Crosby,* and *Jas. P. Coulter,* for report.

*W. S. Purviance,* for exceptions.

ACHESON, D. J. On February 4, 1878, the Eaton, Cole & Burnham Company, the plaintiff in a judgment against John T. Shirley, (the bankrupt,) in the court of common pleas of Armstrong county, issued thereon a *fi. fa.*, No. 214, March term, 1878, and placed the same in the hands of the sheriff. There was already in his hands a *fi. fa.*, No. 213, March term, 1878, against the same defendant, issued upon the judgment of the Kittanning Insurance Company. The next day (February 5th) the sheriff, by virtue of both these writs of *fi. fa.*, seized in execution personal property of the defendant, and advertised it for sale on the fourteenth of the same month. Robert Gailey, Sr., another judgment creditor of Shirley, on February 5th issued a *fi. fa.*, No. 218, March term, 1878, which came into the sheriff's hands the succeeding day. These facts appear from the exemplification of the common pleas record attached to the register's report, and an exemplification in Gailey's case on file in this bankruptcy number.

It is alleged there were still other executions in the sheriff's hands, but of this we have not the proper evidence; at least, we are without

particulars, except that the sheriff's return shows he sold as well on *fi. fa.*, No. 31, June term, 1878, as on *fi. fas.* No. 213 and No. 214, March term.

On February 11, 1878, John T. Shirley filed his petition in bankruptcy, and on the same day this court issued restraining orders against the Eaton, Cole & Burnham Company and certain other execution creditors, enjoining sales by the sheriff until a motion for an injunction could be heard. Upon such hearing the court refused the injunction and dissolved the restraining orders; whereupon the sheriff proceeded to sell the property so levied on, and sold the same between the ninth and thirtieth days of March, 1878, inclusive. J. T. Chalfant was chosen assignee of the bankrupt, March 28, 1878, and the assignment to him seems to have been made on the 30th.

A portion of the proceeds of the sheriff's sale reached the Eaton, Cole & Burnham Company's judgment, but a large part thereof remained unsatisfied. For this unpaid balance the company sought to make proof in bankruptcy, but the register would not allow the proof. The case is now before the court to review this action of the register, whose refusal to admit the proof rests upon the assumption that section 5075 of the Revised Statutes is conclusive against the company's right to prove. That section is as follows:

"Sec. 5075. When a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a lien thereupon for securing the payment of a debt owing to him from the bankrupt, he shall be admitted as a creditor only for the balance of the debt after deducting the value of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the court shall direct; or the creditor may release or convey his claim to the assignee upon such property, and be admitted to prove his whole debt. If the value of the property exceeds the sum for which it is so held as security the assignee may release to the creditor the bankrupt's right of redemption therein on receiving such excess; or he may sell the property subject to the claim of the creditor thereon; and in either case the assignee and creditor, respectively, shall execute all deeds and writings necessary or proper to consummate the transaction. If the property is not so sold or released, and delivered up, the creditor shall not be allowed to prove any part of his debt."

Is the case of the Eaton, Cole & Burnham Company within this prohibition? It is certain the company had neither a mortgage nor a pledge. Was, then, its levy, which anticipated the bankruptcy, a *lien* within the meaning of this section, and the goods in the hands of the sheriff property which the execution creditor was bound either to

release and deliver up or have sold in the manner here contemplated, in order to prove any part of its debt? The question seems to be new; at least, counsel have referred me to no decision upon it. It is not met by any of the cases cited by the register. I have nowhere found the precise point discussed, except in the treatise of Avery & Hobbs on the Bankrupt Law of the United States, at page 160, where it is said: "If he [the creditor] has a judgment and execution, he may finish his levy if his lien attached absolutely before bankruptcy, and, after applying the proceeds, he may be permitted to prove any unpaid balance."

The present is not a case of judicial proceedings commenced, or an execution sued out, after bankruptcy. When the jurisdiction of the bankrupt court attached, the goods were already rightfully in the custody of the law; a circumstance, I think, of controlling weight. To prevent a sale by the sheriff the interposition of this court was invoked, but the injunction sought was refused, and the temporary restraining orders which had been granted were dissolved. It is, therefore, quite inaccurate for the creditors opposing the proof to assert that the Eaton, Cole & Burnham Company sold the goods at sheriff's sale "in open disregard of the bankruptcy proceedings." It may be that the refusal to enjoin, and the dissolution of the restraining orders, cannot be interpreted as equivalent to a direct permission by this court to the company to sell upon its *fi. fa.;* but we may assume the court was satisfied that the execution was not impeachable as an unlawful preference, and that no good reason existed for its interference. The goods then being lawfully held by the sheriff, by virtue of execution process from another tribunal, how could the bankrupt court undertake to direct the manner of sale? The law regulated that. The case, therefore, as it seems to me, is not within the purview of the prohibitory clause of the bankrupt act relied on for excluding proof of this claim.

Moreover, the difficulties in the way of the Eaton, Cole & Burnham Company complying with the requirements of section 5075 would seem to have been insurmountable. The company was not the sole execution creditor, and hence could not control the proceedings. There were in the sheriff's hands at least two other executions—one prior and one junior—in respect to which this creditor was powerless.

Again, the sheriff having actually levied upon the goods before bankruptcy, the case did not stand on the footing of a mere *lien.* By virtue of the seizure the legal title to the property vested in the sher-

iff, who became answerable for its value to the execution creditors. *Hunt* v. *Breading*, 12 Serg. & R. 41; *Hartlicb* v. *McLane*, 44 Pa. St. 510. Indeed, as respects other creditors, the seizure of goods in execution is said to be a satisfaction, *pro tanto*, of the plaintiff's judgment, unless without fault of his own he is deprived of the fruit of his levy. *Duncan* v. *Harris*, 17 Serg. & R. 435; *Lyon* v. *Hampton*, 20 Pa. St. 46.

In every point of view I think the prohibitory clause of section 5075 is inapplicable to this case, and I am constrained to dissent from the conclusion of the register.

And now, January 31, 1882, the order of the register in this matter is set aside, and it is ordered that the Eaton, Cole & Burnham Company be admitted to make proof of its claim.